## ST. LOUIS, B. & M. RY. CO. v. BONDED WAREHOUSE OF SAN BENITO.*
(No. 7006.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 31, 1923. Rehearing Denied Nov. 21, 1923.)

**Appeal and error ⊂⇒1008(2) — Findings by court sitting as jury have effect of verdict.**

Where a jury is waived, the conclusions of the court as to the facts occupy the same position as a jury's verdict, and an appellate court cannot reverse on the facts if there is evidence to sustain the court's findings.

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Action by the Bonded Warehouse Company of San Benito against the St. Louis, Brownsville & Mexico Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Graham, Jones, Williams & Ransome, of Brownsville, for appellant.

Spears & Montgomery, of San Benito, for appellee.

FLY, C. J. This is a suit instituted by appellee against appellant to recover the sum of $2,583, alleged to be damages caused by the negligent refusal of appellant to furnish sufficient refrigerated cars to transport 1,722 crates of tomatoes, whereby they became an utter loss to appellee. The cause was tried by the court without the aid of a jury and judgment rendered in favor of appellee for $2,966.06, the same being for $2,583 principal and $383.06 interest.

The conclusions of fact of the trial judge are as follows:

"At the times stated in plaintiff's second amended original petition, Bonded Warehouse Company of San Benito was a bonded warehouse duly incorporated under the laws of the state of Texas, and the defendant, St. Louis,

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction January 16, 1924.

255 S.W.—43

Brownsville & Mexico Railway Company, was a railroad corporation duly incorporated under the laws of the state of Texas.

"That at said times plaintiff was engaged in the business of selling fresh tomatoes on the market in San Benito, Tex., loaded on board cars there to persons who desired to ship and did ship such tomatoes to market for sale, and during said times defendant knew plaintiff was engaged in such business, and from time to time defendant agreed to furnish and did furnish to plaintiff cars in which to load such tomatoes in San Benito, in the conduct of such business.

"Such tomatoes were a perishable commodity and it was necessary to load and ship same under refrigeration in cars suitable for that purpose, which facts were well known to defendant.

"During said times defendant held itself out as a common carrier of such tomatoes for hire.

"On May 31 and June 1, 1920, defendant had on hand at San Benito, Tex., suitable cars in which to load and ship all such tomatoes as might be offered to, it for shipment.

"On and before May 31, 1920, defendant, through its local agent at San Benito, advised plaintiff that defendant would furnish plaintiff iced refrigerator cars in which to load such tomatoes at San Benito, if plaintiff would file with defendant's said agent on or before 5 o'clock p. m. an order for the number of cars which would be required for loading on the following day.

"At 5 o'clock p. m. on May 31, 1920, plaintiff filed with defendant's said agent written application for five iced refrigerator cars in which to load such tomatoes on June 1, 1920.

"On June 1, 1920, plaintiff had on hand and ready to load into such cars at San Benito, fresh tomatoes in good marketable condition, properly packed and crated, sufficient to load said five cars.

"On June 1, 1920, defendant's local agent notified plaintiff that defendant did not have on hand ice sufficient for the initial and subsequent refrigeration of said five cars, and that defendant would not and could not for that reason furnish all of the cars which plaintiff had ordered, and plaintiff did not furnish on June 1, 1920, but two of said cars.

"Because of the failure of defendant to furnish said cars, plaintiff was unable to load and sell 1,722 crates of such tomatoes, which it had on hand in good marketable condition on June 1, 1920, and plaintiff lost the value thereof.

"On June 1, 1920, said 1,722 crates of tomatoes were of the reasonable market value at San Benito, Tex., of $1.50 per crate.

"On June 1, 1920, there was no market for such tomatoes otherwise than loaded on such iced refrigerator cars.

"Crates after having been used as in this case had no value.

"Defendant instructed its local agent at San Benito to furnish cars in which to load tomatoes and other like produce on one day's notice."

When a cause is tried by a court, without a jury, the conclusions of the court as to the facts occupy the same position as that occupied by the verdict of a jury, and an appellate court cannot reverse on the facts, if there is evidence to sustain the findings of the court. There is evidence to sustain every finding of fact necessary to support the judgment. Sanborn v. Gunter, 84 Tex. 273, 17 S. W. 117, 20 S. W. 72.

The judgment is affirmed.